IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| HERITAGE HOME GROUP, LLC, | ) ) ) |
| Defendant. | ) ) ) |

CIVIL ACTION NO.

**COMPLAINT**

**JURY TRIAL DEMAND**

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Michael Woods ("Woods") who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("Plaintiff" or the "Commission") alleges that Heritage Home Group, LLC ("Defendant") failed to provide a reasonable accommodation for Woods's disability and terminated him in violation of the ADA.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

1

U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina.

## PARTIES

3. Plaintiff is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, a Delaware Corporation, has continuously been doing business in the State of North Carolina and the City of Hickory, and has continuously had at least 15 employees.

5. Hickory Chair Furniture Co. is a registered trademark of Defendant.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

7. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this lawsuit, Woods filed a charge with the Commission alleging violations of the ADA by Defendant. Defendant, Heritage Home Group, LLC, responded to Woods's charge and participated in all aspects of the Commission's administrative investigation.

9. On August 31, 2017, the Commission issued a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. Defendant participated in the Commission's conciliation efforts.

12. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13. On October 13, 2017, the Commission issued a Notice of Failure of Conciliation.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

15. As more fully described below, beginning on or about April 29, 2016, Defendant engaged in unlawful employment practices at its Hickory Chair Furniture Co. facility in Hickory, North Carolina, in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112, when it refused to provide Woods with a reasonable accommodation for his disability (diabetes, osteomyelitis and neuropathy) and terminated his employment.

16. Woods is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Woods has physical impairments, diabetes, osteomyelitis and neuropathy, that substantially limit one or more major life activities of endocrine, skeletal and neurological functions respectively.

17. In or about 2011, Woods was diagnosed with Type II Diabetes.

18. On or about October 22, 2015, Woods began working for Defendant as a Machine Operator.

19. At all relevant times, Woods performed the Machine Operator position he held at a level that met Defendant's legitimate expectations.

20. In or around March 2016, Woods developed an infection (osteomyelitis) in one of his toes as a result of his diabetes.

21. On or about March 29, 2016, Woods was sent to the Emergency Room regarding his infected toe by his primary care practitioner. Woods was subsequently admitted to the hospital to have the infected toe amputated.

22. On or about March 30, 2016, Woods underwent surgery and had the infected toe amputated. During his hospital stay, Woods was diagnosed with peripheral neuropathy in both feet.

23. Woods' last day of work prior to his hospital admission was on or about March 28, 2016. Between approximately March 29, 2016 and March 31, 2016, Woods notified Defendant of his diabetes, peripheral neuropathy, hospitalization, subsequent surgery to remove the infected toe, , and need for time off from work.

24. On or about April 8, 2016, Woods informed Defendant of his anticipated return to work date of June 6, 2016.

25. On or about April 29, 2016, Defendant notified Woods that Defendant would not grant Woods's request for leave that would allow him to return to work on June 6, 2016.

26. On or about April 29, 2016, Defendant terminated Woods's employment effective May 3, 2016.

## Failure to Accommodate

27. The allegations contained above are incorporated as if set forth fully herein.

28. At all relevant times, Defendant was aware of Woods's diabetes, peripheral neuropathy, hospitalization, surgery to remove the infected toe, and need for time off from work.

29. At all relevant times, Defendant was aware of Woods's anticipated return to work date of June 6, 2016.

30. At all relevant times, Defendant was aware that Woods required a reasonable accommodation of leave through June 6, 2016.

31. With the reasonable accommodation of leave through June 6, 2016, Woods could have performed the essential functions of his position.

32. Defendant failed and refused to provide Woods with the requested accommodation.

## Discharge

33. The allegations contained above are incorporated as if set forth fully herein.

34. On or about April 27, 2016, Defendant informed Woods that he must return to work on or before May 2, 2016 or advise Defendant of his anticipated return to work date.

35. On or about April 29, 2016, Woods again informed Defendant of his anticipated return to work date of June 6, 2016.

36. On or about April 29, 2016, Defendant terminated Woods effective May 3, 2016.

37. Defendant failed to accommodate Woods's disability and terminated him because of his disability in violation of the ADA.

38. Defendant's actions were taken for discriminatory reasons, as described above.

39. The practices complained of herein have deprived Woods of equal employment opportunities and otherwise adversely affected Woods's status as an employee because of his disability.

40. The unlawful employment practices complained of above were intentional.

41. The unlawful employment practices complained of were done with malice or reckless indifference to the federally protected rights of Woods.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against individuals because of their disabilities, including discrimination in hiring, firing, failing to provide reasonable accommodation to qualified individuals with disabilities and any other employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Woods whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay.

D. Order Defendant to make Woods whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above,

including, but not limited to, medical costs and late-fee penalties, in amounts to be determined at trial.

  E. Order Defendant to make Woods whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights, and other non-pecuniary losses, in amounts to be determined at trial.

  F. Order Defendant to pay Woods punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted this 31st day of January 2018.

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel
        131 M. Street, NE
        Washington, D.C. 20507

        **s/ *Lynette A. Barnes***_____
        LYNETTE A. BARNES (N.C. Bar 19732)
        Regional Attorney

KARA GIBBON HADEN (N.C. Bar No. 26192)
Supervisory Trial Attorney

**s/ *Katherine J. Christy***
KATHERINE J. CHRISTY (I.L. Bar No. 6282803)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: 704.954.6464
Facsimile: 704.954.6412
Email: katherine.christy@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**