UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:18-cv-18-MOC-DSC

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY** | ) | |
| **COMMISSION,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **HERITAGE HOME GROUP, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleges that Defendant Heritage Home Group, LLC d/b/a Hickory Chair Company ("Defendant") discriminated against Michael Woods ("Woods") when it failed to accommodate him and discharged him because of his disability, in violation of the ADA.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation. This Consent Decree is not an adjudication of or finding on the merits of the case or an admission by any party regarding the merits or accuracy of any of the claims or defenses, but instead is a compromise of disputed claims. Defendant denies the allegations of unlawful discrimination asserted in the Complaint. Likewise, the Commission does not disavow the allegations in its

-1-

Complaint.

The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 18 below.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** as follows:

1.    Defendant shall not discriminate against any person on the basis of disability within the meaning of the ADA**,** including by failing to provide a reasonable accommodation for a known disability of an employee or terminating a qualified individual based on his or her disability.

2.    Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under the ADA, or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3.    When an employee with a disability requests accommodation, Defendant shall first conduct an individualized assessment and engage in the interactive process with the employee to determine what, if any, reasonable accommodation can be provided.

4.    Defendant shall pay Michael Woods the sum of Fifty Thousand Dollars ($50,000.00) in settlement of the claims raised in this action. Such payment shall be made

-2-

and documented as follows:

        A.    A check in the amount of Seventeen Thousand Five Hundred Dollars ($17,500.00), less all applicable tax withholdings, payable to "Michael Woods" for claims related to lost wages (reported on an IRS Form W-2); and

        B.    A check in the amount of Thirty-Two Thousand Five Hundred Dollars ($32,500.00) payable to Michael Woods for claims related to his compensatory damages (reported on an IRS Form 1099).

        Payment shall be made within seven (7) days after the Court approves this Consent Decree, and Defendant shall mail the check to Michael Woods at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall send to the Commission, a copy of the check and proof of its delivery to Michael Woods. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Michael Woods may or may not incur on such payments under local, state and/or federal law.

        5.    Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall eliminate from the personnel file of Michael Woods any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 846-2016-2551 and the related events that occurred thereafter, including this litigation. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall change all references in its personnel records for Michael Woods from "terminated" to "voluntarily resigned." Within fifteen (15) days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the

Commission.

6.      Defendant shall provide Mr. Woods with a neutral letter of reference using the form attached hereto as Exhibit A. Within ten (10) days of the entry of this Consent Decree by the Court, the original, signed letter of reference shall be provided to Mr. Woods at an address  provided by the Commission. Mr. Woods is free to disseminate the letter to potential employers.  Defendant agrees that if it receives any inquiry about Mr. Woods from a potential employer, it will provide only the information set forth in the letter of reference in response.

7.      Within ninety (90) days of the entry of this Consent Decree by the Court, Defendant shall adopt, implement, and distribute an ADA policy which shall include at least the following: an explanation of the requirements of the ADA, including its prohibition against discrimination based on disability, its requirement that employers provide reasonable accommodations to qualified applicants and employees with disabilities, and its requirement that employers engage in the interactive process with employees to determine what, if any, reasonable accommodation can be provided; a procedure for employees to request a reasonable accommodation and a procedure for the consideration of and response to an employee's request for a reasonable accommodation.  Defendant shall hand deliver to each current employee a copy of the ADA policy within the aforementioned ninety (90) day time period. Within one  hundred (100) days of the entry of this Consent Decree, Defendant shall report compliance to the  Commission. Throughout the term of this Consent Decree, Defendant shall review the ADA policy with all newly hired employees at the time of hire.

8.      During the term of this Consent Decree, Defendant shall post a copy of the

ADA policy described in paragraph 7, *supra*, in its Hickory facility in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within ninety-five (95) days after the Consent Decree is entered, Defendant will post the ADA policy and notify the Commission that it has been posted.

9. During the term of this Consent Decree, Defendant shall provide an annual training program to all of managers and supervisors at its Hickory Chair facility, as well as all Human Resources employees with any responsibility over the Hickory Chair facility and all employees involved in making decisions regarding requests for reasonable accommodations. Each training program shall include an explanation of the requirements of the ADA, including an employer's obligation to provide reasonable accommodations to qualified applicants and employees with disabilities and its prohibition against discrimination in the workplace. Each training program shall also include an explanation of Defendant's ADA policy referenced in paragraph 8 above, and an explanation of the rights and responsibilities of employees and managers under the ADA policy.

The first training program shall be completed within one hundred (100) days after entry of this Consent Decree by the Court. Each subsequent training program shall be conducted approximately one-year after the initial training. At least fifteen (15) days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-CTDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of submission of the agenda. Within ten (10) days after

-5-

completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

10.     Beginning within thirty (30) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Consent Decree, in a place where it is visible to employees at its Hickory Chair facility. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

11.     During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The scope of the reports is limited to employees in Defendant's Hickory Chair Company facility in Hickory, North Carolina. The reports will include the following information:

  A.    the identities of each of Defendant's Hickory Chair facility employees who during the reporting period requested an accommodation for a disability, including by way of identification each person's name, address, telephone number, and position;

  B.    information regarding the requested accommodation, including the date of accommodation request, the accommodation that was requested, whether the request was granted, what, if any, accommodation was provided to the individual; and if no accommodation was provided, a detailed explanation as to why the request was denied, including the identity of all persons involved in the decision to deny the request;

  C.    for each individual identified in response to 11.A. above, explain whether the individual's employment status has changed in any

-6-

respect since his or her request for an accommodation (for example, including but not limited to, termination, demotion, promotion, or to part-time from full-time); and

D.    for each individual whose employment status has changed as identified in response to 11.C. above, a detailed statement explaining why the individual's employment status has changed.

Defendant shall provide the social security number of an individual identified in response to 11.A. within seventy-two (72) hours of a request by the Commission.

In the event that there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

12.    The Commission may review compliance with this Consent Decree. As part of such review, the Commission may, after providing forty-eight (48) hours notice to the individual identified in paragraph 15 below, interview employees and examine and copy documents. As part of the review for compliance with the posting provisions contained in paragraphs 8 and 10 above (i.e. Notice Posting requirement), the Commission may inspect Defendant's Hickory Chair facility without notice.

13.    If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

14.    The term of this Consent Decree shall be for two (2) years from its entry by the

Court.

15.     All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Jennifer Dimmette at Jennifer.Dimmette@HeritageHome.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission at and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) days of the change.

16.     All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

17.     Each party shall bear its own costs and attorney's fees.

18.     This action is **ADMINISTRATIVELY TERMINATED**; however, the Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

Signed: June 5, 2018

Max O. Cogburn Jr.
United States District Judge

-8-

**EXHIBIT A**

[Defendant's letterhead]

[Date]

TO WHOM IT MAY CONCERN:

We are providing the following reference on behalf of our former employee, Michael Woods.

Michael Woods was employed by Heritage Home Group, LLC, in the position of Ripsaw Operator. Mr. Woods' ending wage was $12.00 per hour, plus benefits. During his employment, Mr. Woods was responsible for operating machinery and cutting wood to meet specifications for product.

We hope that this information about Mr. Woods is helpful to you in considering him for employment.

Sincerely,

_____
Jennifer Dimmette